IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

ERIE INSURANCE PROPERTY
& CASUALTY COMPANY,

                    Petitioner,

v.                                         CIVIL ACTION NO.  3:14-27254

ELSON, INC., d/b/a MOUNTAINEER
4 X 4 UNLIMITED,

                    Respondent.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Petitioner's Motion to Dismiss Amended Answer to Petition for Declaratory Judgment (ECF No. 15) and Respondent's Motion for Leave to File Amended Answer and Counterclaim (ECF No. 16). For reasons explained below, the Court **GRANTS** both motions.

On October 27, 2014, Petitioner Erie Insurance Property & Casualty Company filed a Petition for Declaratory Judgment with this Court. Petitioner seeks a declaration from the Court regarding coverage available for claims of theft and embezzlement of money from Respondent Elson, Inc. d/b/a Mountaineer 4x4 Limited. On March 13, 2015, Respondent timely filed its Answer to the Petition for Declaratory Judgment.[1] *See* ECF No. 9. On May 22, 2015, approximately seventy days after filing its Answer, Respondent filed an Amended Answer to the Petition, newly including a counterclaim. *See* ECF No. 14. The newly asserted counterclaim

---

[1] The parties entered multiple stipulations extending the time for Respondent to answer the Petition for Declaratory Judgment by agreement. *See* ECF Nos. 4, 5, and 6.

alleges bad faith under state common law and the West Virginia Unfair Trade Practices Act. Respondent's Amended Answer was filed without consent of counsel and without leave of this Court.

Petitioner moves to dismiss Respondent's Amended Answer for failing to comply with the requirements of Rule 15 of the Federal Rules of Civil Procedure. In turn, Respondent moves for leave to file an amended answer and counterclaim. Both motions are ripe for consideration.

Rule 15(a) of the Federal Rules of Civil Procedure governs the amendment of pleadings before trial. In relevant part, Rule 15(a) provides:

> (a) Amendments Before Trial.
>
> (1) *Amending as a Matter of Course*. A party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) *Other Amendments*. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a) (2015). Pursuant to (a)(1), Respondent was not entitled as a matter of course to file its Amended Answer some seventy days after filing its original answer. Instead, Respondent was only entitled to amend that pleading with the opposing party's written consent or the court's leave. Respondent had neither. Accordingly, the Court grants Petitioner's motion and orders that Respondent's Amended Answer (ECF No. 14) be dismissed and stricken from the record.

Of course, this leaves Respondent's motion for leave to file an Amended Answer. It is well settled that leave to amend pleadings under Rule 15 "shall be freely given when justice so requires." *See e.g., Forman v. Davis*, 371 U.S. 178 (1962). That said, it is further settled that a

court may deny leave to amend for reasons "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc." *Id.* at 182.

Petitioner argues that Respondent should not be granted leave to file its Amended Answer and Counterclaim because doing so would be futile. As explained by the Fourth Circuit, an amended pleading is futile if the proposed amendment fails to satisfy the requirements of the federal rules. *Kaytle v. Penn National Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011). Petitioner argues that Respondent's Amended Answer would be subject to immediate dismissal under Rule 12(b)(6) of the Federal Rules for Civil Procedure for failure to state a claim upon which relief can be granted.

The Court concludes, however, that Respondent's proposed Amended Answer does not appear to be the product of an improper motive, nor is it substantially prejudicial to Petitioner or futile. Particularly considering Petitioner's allegation of futility, the Court finds that Respondent's Amended Answer is not subject to immediate dismissal for failure to state a claim. To the contrary, taking the factual allegations in the Amended Answer in the light most favorable to Respondent, there are sufficient allegations in the counterclaim to state a plausible claim of relief for bad faith at common law or under the West Virginia Unfair Trade Practices Act. Accordingly, as directed by the federal rules, the Court grants Respondent's motion for leave to file its Amended Answer and Counterclaim.

In sum, for the foregoing reasons, Petitioner's Motion to Dismiss and/or Strike Amended Answer to Petition for Declaratory Judgment (ECF No. 15) is **GRANTED** and Respondent's Motion for Leave to Filed Amended Answer and Counterclaim (ECF No. 16) is also **GRANTED**.

The Court **DIRECTS** the Clerk to strike Respondent's earlier filed Amended Answer (ECF No. 14) from the record and to file Respondent's proposed Amended Answer and Counterclaim attached to its motion for leave (ECF No. 16-2).

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: July 15, 2015

_____
ROBERT C. CHAMBERS, CHIEF JUDGE